[Civ. No. 4432. Second Appellate District, Division One.—May 17, 1926.]

HARLIE STANLEY BURWELL, Respondent, v. WILLIAM H. MOORE, et al., Defendants; CHARLES E. SHATTUCK, Appellant.

[1] CONTRACTS—ACTION FOR MONEY BORROWED—PARTIES LIABLE—EVIDENCE—FINDINGS.—In this action to recover a sum of money borrowed from plaintiff for use in part payment of a truck purchased for use on a ranch owned by one of the defendants and leased to the other, although the evidence was not clear or uncontradicted, the court was justified in deducing therefrom that by the terms of the lease said owner was to furnish all equipment to be used on the ranch, that when the truck was purchased the two defendants together signed the installment contract for the purchase of the truck, that each of them paid his portion of the installment payments as they became due, that the truck was used in the work on the ranch, that the products of the ranch were sold by said lessee, acting on his own account as well as agent for the owner, that said lessee, with the knowledge, consent, and co-operation of the owner, borrowed the money in question from plaintiff for the use of both defendants and agreed to give plaintiff a promissory note therefor, to be signed by each of the defendants, which was never done, and that before the commencement of the action plaintiff demanded payment from each of the defendants, but that no part of the money owing to plaintiff was ever repaid by the defendants or either of them, and such evidence justified the court in making findings in favor of plaintiff and against both defendants.

(1) 41 C. J., p. 8, n. 68.

APPEAL from a judgment of the Superior Court of Los Angeles County. John Perry Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Satterwhite for Appellant.

H. S. Laughlin and Frank L. Muhleman for Respondent.

HOUSER, J.—Briefly, it appears that defendant Shattuck was the owner of a ranch with its equipment, which he leased to his codefendant Moore on the understanding that

Moore would pay the expenses of running the ranch, and that the money received from the sale of the crops thereon should be equally divided between him and Shattuck. Besides the equipment in use on the ranch at the time the lease was entered into, a truck was purchased, partly with the sum of five hundred dollars which was borrowed from the plaintiff. The money not having been repaid, plaintiff brought an action for its recovery. Judgment was rendered in favor of plaintiff and against both defendants, and defendant Shattuck appeals therefrom.

[1] The specification of error is that the findings of the trial court are not sustained by the evidence. The substance of the findings to which objection is registered by appellant is that the defendants received from plaintiff the sum of five hundred dollars to be used in the development of defendants' ranch property; that defendants agreed to repay plaintiff on demand; that before the commencement of the action such demand was made; that no part of the sum so borrowed was ever repaid; and that in the entire transaction in question defendant Moore was the agent of defendant Shattuck.

It would serve no useful purpose for this court to set forth the testimony of the several witnesses. An examination of the reporter's transcript of the evidence reveals the fact that the evidence was sufficient to justify the trial court in deducing therefrom that by the terms of the lease defendant Shattuck was to furnish all equipment to be used on the ranch; that when the truck was purchased the two defendants together negotiated with the seller thereof; that each of the defendants signed the installment contract for the purchase of the truck; that each of them paid his portion of the installment payments as they became due; that the truck was used in the work on the ranch; that the products of the ranch were sold by defendant Moore, acting on his own account as well as agent for defendant Shattuck; that defendant Moore, with the knowledge, consent, and co-operation of defendant Shattuck, borrowed the five hundred dollars in question from plaintiff for the use of both defendants and agreed to give plaintiff a promissory note therefor, to be signed by each of the defendants, which was never done; that before commencement of the action plain-

78 Cal. App.—5

tiff demanded payment from each of the defendants, but that no part of the money owing to plaintiff was ever repaid by the defendants or either of them.

Although the testimony was not altogether clear or uncontradicted, we are of the opinion that the evidence was ample to justify each of the findings to which objection is made.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 15, 1926.